IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-220-TAV-DCP |
| | ) | |
| GAGE WHITTENBURG, | ) | |
| WILLIAM WOODY, and | ) | |
| BRYAN CORNELIUS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on February 7, 2020 for an Initial Appearance for Defendant Woody, as well as for Defendants Whittenburg, Woody, and Cornelius to be arraigned on the Superseding Indictment [Doc. 23]. *See* 28 U.S.C. § 636(b). The Court also held a motion hearing on Defendant Cornelius' Motion to Continue [Doc. 19], filed on January 16, 2020.

Assistant United States Attorney Cynthia Davison appeared on behalf of the Government. Attorney Michael Cabage was appointed to represent Defendant Woody, who was also present. Attorney Forrest Wallace appeared on behalf of Defendant Whittenburg, while Assistant Federal Defender Molly Kincaid appeared on behalf of Defendant Cornelius. Defendants Whittenburg and Cornelius were also present.

Defendant Cornelius moves [Doc. 19] to continue the February 25, 2020 trial date in this case and to reset all pretrial deadlines. The motion relates that counsel needs additional time to make a full resolution of all issues pending against Defendant Cornelius, and that the Government has no opposition to the proposed continuance. The motion contends that Defendant Cornelius

understands the need for a trial continuance, and that the period of time between the filing of the motion and the continued trial date would be fully excludable for speedy trial purposes. At the motion hearing, the Court noted the initial appearance of Defendant Woody, as well as the presence of the Superseding Indictment [Doc. 23], filed on February 5, 2020.

The Court finds the trial date should be reset to August 11, 2020 because the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendants are charged with multiple drug conspiracies and in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and Defendants Whittenburg and Woody are charged with several possession and distribution charges in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), as well as firearm offenses under 18 U.S.C. §924(c). The Court also notes the recent initial appearances of multiple codefendants in the present case. Defense counsel has requested additional time to review the charges, to receive and review discovery, and to prepare the case for trial. The Court finds that the failure to continue the trial in this case would deprive defense counsel of the reasonable time necessary to prepare the case for trial, even considering her acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Cornelius' Motion to Continue [**Doc. 19**] is **GRANTED**, and the trial of this matter is reset to **August 11, 2020**. The Court also finds that all the time between the filing of the motion of January 16, 2020 and the new trial date of **August 11, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to other scheduling in this case, the deadline for filing pretrial motions is extended to **March 19, 2020**. Responses to motions are due on or before **April 2, 2020**. The undersigned will hold a motion hearing on **April 9, 2020 at 2:00 p.m.** The parties are to appear before the undersigned for a final pretrial conference on **July 29, 2020 at 10:30 a.m.** This

date shall also be the new deadline for concluding plea negotiations and for providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must also be filed no later than **July 27, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **July 31, 2020** and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Cornelius' Motion to Continue [**Doc. 19**] is **GRANTED**[1];

(2) The trial of this matter is reset to commence on **August 11, 2020, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **January 16, 2020**, and the new trial date of **August 11, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The motion deadline is extended to **March 19, 2020**;

(5) Responses to motions are due on or before **April 2, 2020**;

(6) The undersigned will hold a motion hearing on **April 9, 2020, at 2:00 p.m.**;

(7) The Court instructs the parties that all motions *in limine* must be filed no later than **July 27, 2020;**

(8) The parties are to appear before the undersigned for a final pretrial conference on **July 29, 2020, at 10:30 a.m.** This date is also the deadline for concluding plea negotiations and for providing reciprocal discovery; and

---

[1] Defendant Whittenburg subsequently filed a Motion to Continue [Doc. 20] on January 17, 2020. Therefore, Defendant Whittenburg's Motion to Continue [**Doc. 20**] is also **GRANTED**, with the applicable dates and deadlines as set forth in this Order.

(9) Special requests for jury instructions shall be submitted to the District Judge no later than **July 31, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge