IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-220-TAV-DCP |
| | ) | |
| BRYAN CORNELIUS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 7, 2020, by video conference for a motion hearing on defense counsel's Motion to Substitute Counsel [Doc. 208], filed on July 27, 2020. Assistant United States Attorney Cynthia F. Davidson appeared by video conference on behalf of the Government. Assistant Federal Defender Mary Margaret Kincaid and Defendant Bryan Cornelius also appeared by video conference, as did CJA Panel Attorney Norman D. McKellar.

The Court appointed [Doc. 10] Assistant Defender Kincaid and the Federal Defender Services of Eastern Tennessee ("FDS") to represent Defendant Cornelius at his initial appearance on December 20, 2019. In her motion, Ms. Kincaid asks the Court to substitute new counsel for Defendant Cornelius, because he no longer trusts her legal advice. She states that the deterioration of the attorney-client relationship prevents her from working effectively with the Defendant to prepare his case for trial.

During the August 7 video conference, the Court conducted a sealed, *ex parte* hearing in order to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court finds that the Defendant's confidence in counsel has eroded. This loss of trust in the attorney-client relationship compromises Ms. Kincaid's ability to present an adequate defense and to render effective assistance of counsel. While the attorney-client relationship could potentially be repaired, if given enough time, the Court finds, based upon the current posture of the case, it is appropriate to have new counsel take a fresh look at this case and advise the Defendant on how to proceed. Accordingly, the Court finds that good cause exists to substitute new counsel under the unique circumstances of this case.

Based upon good cause shown, the Motion to Substitute Counsel [**Doc. 208**] is **GRANTED**, and Ms. Kincaid and FDS are relieved as counsel of record for the Defendant. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the Defendant to be represented continuously by counsel. Attorney Norman D. McKellar was present at the hearing and agreed to accept representation of the Defendant. The Court **SUBSTITUTES** and **APPOINTS** Mr. McKellar under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Cornelius. Defendant Cornelius is encouraged to make every effort to work with Mr. McKellar through the remainder of this case. The Court admonished the Defendant that it would not be inclined to substitute counsel again, absent an actual conflict of interest or other extraordinary circumstances. The Court directed Ms. Kincaid to provide the discovery and the Defendant's file to Mr. McKellar as soon as possible.

Accordingly, it is **ORDERED**:

(1) The Motion to Substitute Counsel [**Doc. 208**] is **GRANTED**;

(2) Assistant Federal Defender Mary Margaret Kincaid and FDS are **RELIEVED** of their representation of the Defendant. Ms. Kincaid is **DIRECTED** to provide all discovery and the Defendant's file to new counsel as soon as possible; and

(3) Attorney Norman D. McKellar is **SUBSTITUTED** and **APPOINTED** as Defendant Cornelius's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge