IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:19-CR-220-TAV-DCP |
| BRYAN CORNELIUS, GAGE WHITTENBERG, LAMARCUS ANDERSON, TIARA BADGETT, GEORGE L. BASSETT, COBIE FUGATE, DARREN PAYNE, CIERRA THOMPSON, DEMETRIUS WILLIAMS, and BLAKE WRIGHT, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case came before the Court on January 11, 2021, for a telephonic status conference. *See* 28 U.S.C. § 636(b). Assistant United States Attorney Cynthia Davidson appeared by telephone on behalf of the Government. The following defense counsel also appeared by telephone: Attorney Norman McKellar for Defendant Cornelius; Attorney Forrest Wallace for Defendant Whittenberg; Attorney Shipley for Defendant Anderson; Attorney Troy Jones for Defendant Badgett; Attorney Francis Lloyd, Jr. for Defendant Bassett, Attorney Wesley Stone for Defendant Fugate[1]; Attorney Tim Baldridge appearing for Attorney Marcos Garza, who represents Defendant Payne[2]; Attorney Stephen McGrath for Defendant Thompson; Attorney

---

[1] The Court notes that Attorneys Lloyd and Stone stated that their clients had no objections to the continuance and were subsequently excused from the hearing in order to attend another court proceeding.

[2] Defendant Payne subsequently filed a Plea Agreement [Doc. 297] on January 11, 2021.

Michael McGovern for Defendant Williams; and Attorney Joseph Fanduzz for Defendant Wright. All Defendants were excused from this hearing.

The trial of this case is set for January 26, 2021. On November 30, 2020, Chief United States District Judge Travis R. McDonough entered Standing Order 20-21, which continues all jury trials between November 30, 2020, and January 15, 2021. This Order states that due to the "reduced ability to obtain an adequate spectrum of jurors and the risks posed to the jurors and the public due to the increased prevalence of COVID-19 in all divisions, the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial." E.D.TN SO-20-21. In Standing Order 21-01, Judge McDonough extended Standing Order 20-21 through February 28, 2021. E.D.TN SO-21-01. In the Standing Order, the Court finds the time period of the continuances implemented will be excluded under the Speedy Trial Act. *Id.* Accordingly, the January 26, 2021 trial date must be continued. Before the start of the status conference, the parties agreed on a new trial date of August 3, 2021.

The Court finds a trial continuance is necessary and was not opposed by the parties. The Court finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The January 26, 2021 trial date must be continued, pursuant to SO-21-01. This Standing Order finds that due to the "reduced ability to obtain an adequate spectrum of jurors and the risks posed to the jurors and the public due to the increased prevalence of COVID-19 in all divisions, the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial" through February 28, 2021. E.D.TN SO-21-01. The Standing Order states that the Court finds this time to be excluded under the Speedy Trial Act. E.D.TN SO-21-01.

Additionally, the Court finds that a continuance beyond February 2021 is necessary in this case. The Court observes that Defendant Cornelius filed a Motion to Suppress Intercepted Communications by Wiretap [Doc. 242] on October 19, 2020, which Defendant Whittenberg subsequently moved to adopt [Doc. 247]. The Government responded in opposition [Doc. 252] on November 2, 2020. Defendant Whittenberg also moved [Doc. 245] for a bill of particulars and for the disclosure of specific items pursuant to *Brady v. Maryland* [Doc. 247]. The Court held a motion hearing on December 4, 2020 [Doc. 277]. Therefore, additional time may be necessary for the resolution of these pretrial motions.

Additionally, the Court notes that the parties have continued to engage in plea negotiations with the Government, with Defendant Shaunta Sheadrick filing a plea agreement on January 7, 2021 [Doc. 291] and Defendant Payne filing a plea agreement on January 11, 2021 [Doc. 297]. Lastly, the Court notes that Attorney Shipley was recently substituted as counsel of record for Defendant Anderson on January 11, 2021 [Doc. 294] and requires additional time to review the provided discovery and meet with Defendant Anderson. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The trial in this case is **CONTINUED** to **August 3, 2021**. The Court finds that all the time between the January 11, 2021 scheduling conference and the new trial date of August 3, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B); E.D.TN SO-21-01. During the telephonic hearing, the Court also set a new plea deadline and pretrial conference, which are set out below.

Accordingly, it is **ORDERED** as follows:

(1) The trial of this matter is **CONTINUED** and reset to commence on **August 3, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

3

(2) All time between the **January 11, 2021** scheduling conference and the new trial date of **August 3, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(3) The deadline for filing a plea agreement in the record and providing reciprocal discovery is extended to **July 2, 2021**;

(4) The parties are to appear before the undersigned for a final pretrial conference on **July 20, 2021, at 10:30 a.m.**;

(5) Motions *in limine* must be filed no later than **July 19, 2021**; and

(6) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **July 23, 2021**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge