IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:19-CR-220-TAV-DCP |
| BRYAN CORNELIUS, ) | |
| Defendant. ) | |

**O R D E R**

This case is before the Court on Defendant Bryan Cornelius's *pro se* request [Doc. 333], docketed as a motion on March 8, 2021, and asking to be moved to another facility pending trial. Defendant Cornelius, who is presently detained at the Blount County jail, states that the following conditions there are tantamount to cruel and unusual punishment: Prisoners have limited access to kiosks contain a legal library, inmates have limited telephonic or in-person access to counsel, mail is not distributed on Mondays, the shower lacks privacy, the fees for telephone calls or adding funds to the prisoner accounts are exorbitant, food in the commissary is subject to sales tax, Defendant sleeps on the floor, and inmates are not permitted to hang damp clothing in their cells. Defendant states that his attorney has talked to the marshals about transferring him to another facility to no avail.

The Court substituted Attorney Norman D. McKellar to represent Defendant Cornelius on August 7, 2020 [Doc. 214]. The Court finds the instant pro se motion is filed in violation of Local Rule 83.4(c), which prohibits a party represented by counsel from acting in his or her own behalf. E.D. Tenn. L.R. 83.4(c). Accordingly, the Defendant's *pro se* motion [**Doc. 333**] is **DENIED** as improvidently filed.

Additionally, on December 20, 2019, the Court detained Defendant Cornelius and committed him to the custody of the Attorney General for confinement in a corrections facility [Doc. 14]. The Court generally defers to the United States Marshals Service on the location of the correction facility. In the instant filing, the Defendant raises no issues that warrant the Court's departure from the regular process for addressing the issues of detainees.[1] The Court **DIRECTS** counsel for Defendant Cornelius to review the Defendant's *pro se* filing [Doc. 333] and to raise the Defendant's concerns with the United States Marshals, if appropriate.

In summary,

(1) The Defendant's *pro se* motion [**Doc. 333**] is **DENIED** as improperly filed in violation of the Local Rules of this Court, and

(2) Counsel for Defendant Cornelius is **DIRECTED** to review the Defendant's *pro se* filing [Doc. 333] and to take up any issues regarding the conditions at the jail with the United States Marshals, if appropriate.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[1] In February 2021, the Court received information from the United States Marshals Service on attorney-client communications at the Blount County jail. Blount County permits an indigent inmate to have unrecorded telephone calls with his attorney at no cost to the inmate. Additionally, attorneys may schedule in person or video visits with their clients.