IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.   3:19-CR-220 |
| | ) | (VARLAN/POPLIN) |
| BRYAN CORNELIUS, | ) | |
| Defendant. | ) | |

## MOTION IN LIMINE REGARDING
## DEFENDANT CORNELIUS'S PRIOR CONVICTIONS AND PENDING CHARGES

**COMES** BRYAN CORNELIUS, by and through appointed counsel, and respectfully moves this Honorable Court in limine to preclude the United States from mentioning or admitting at trial any prior convictions involving illegal drugs or illegal firearms possession or use or, indeed, any felony conviction. For grounds, your Defendant states that he presently has been charged with co-defendant Kyrah Johnson in the Criminal Court for Knox County, Tennessee, docket no. 115559, with intent to sell or deliver a controlled substance, simple possession of a controlled substance, possession of drug paraphernalia, theft, unlawful possession of a weapon, and possession of a firearm during a dangerous felony; and that these charges are currently pending. Additionally, Mr. Cornelius has convictions in the Criminal Court for Knox County, Tennessee, docket no. 93633, for theft and aggravated burglary (2010); in the Criminal Court for Knox County, Tennessee, docket no. 102815, for possession of Schedule VI drugs (2018); and in the General Sessions Court for Knox County, Tennessee, docket no. @887451 for simple possession/casual exchange (2009). Because

several of the prior cases in which Mr. Cornelius has been previously convicted or is currently charged involve controlled substance violations and/or illegal possession/use of firearms, the danger of unfair prejudice of any reference to or admission of such prior convictions manifestly outweighs any probative value of the mention or admission of such conviction, pursuant to Federal Rule of Evidence 403. As the United States Court of Appeals for the Sixth Circuit has noted,

> risk [of unfair prejudice] is heightened when the prior act is much like the charged conduct. As we have said, "[w]hen jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact." *United States v. Jenkins*, 593 F.3d 480, 486 (6th Cir. 2010) (quoting *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994) ). So the same factors that make prior-act evidence probative—similarity and temporal proximity—may also increase the risk of this form of unfair prejudice.

*United States v. Asher*, 910 F.3d 854, 862 (6th Cir. 2018).

Additionally, your Defendant suggests that any proof of the charges against him in the instant cause would be from different witnesses, and using different types of proof, than the proof that underlay his prior convictions. *See Old Chief v. United States*, 519 U.S. 172, 184 (1997) ("probative value" determination under Federal Rule of Evidence 403 includes "comparing evidentiary alternatives"); *United States v. Myers* , 123 F.3d 350, 363 (6th Cir. 1997). Consequently, the mention or admission of these prior convictions and the pending charges, and the facts underlying said convictions/charges, by the United States or any other party must be precluded. Further, any evidence or testimony about the prior convictions for theft and aggravated burglary have no bearing or relation to the instant matter, and the danger of unfair prejudice that is attendant upon such charges far outweighs and probative value of such evidence, pursuant to Federal Rule of Evidence 403.

Neither is the prior conviction for theft admissible, pursuant to Federal Rule of Evidence 609(a)(2), because it is not a conviction that involved dishonesty or false statement based on the elements of the crime. *E.g.*, *United States v. Washington*, 702 F.3d 886, 893 (6th Cir. 2012) ("theft and related crimes do not ordinarily amount to crimes of dishonesty or false statement" under Rule 609(a)(2)). Likewise, burglary is also not admissible under Rule 609(a)(2) because "crimes of violence or stealth have little bearing on a witness's character for truthfulness." *United States v. Washington*, 702 F.3d 886, 893 (6th Cir. 2012). At any rate, the theft and burglary convictions would likely be precluded as well under Federal Rule of Evidence 609(b) because the convictions were in 2010; as would the simple possession/casual exchange conviction from 2009.

**WHEREFORE**, your Defendant, BRYAN CORNELIUS, respectfully requests that the United States and its witnesses be precluded and prevented from referring at trial to any of your Defendant's prior convictions involving illegal drugs or illegal use or possession of weapons, as well as his prior convictions for theft and aggravated burglary.

Respectfully submitted this 4th day of April, 2022.

                                            s/Gerald L. Gulley, Jr.
                                            GERALD L. GULLEY, JR., Esq.
                                            (BOPR #013814)
                                            Attorney for BRYAN CORNELIUS

P.O. Box 158
Knoxville, TN 37901-0158
gulleylaw@vol.com
(865) 934-0753

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was filed electronically, with notice of this filing to be sent by operation of the Court's electronic case filing system; any other interested parties will be served by regular United States Mail with prepaid first-class postage thereon sufficient to cause delivery. Parties may access this filing through the Court's electronic case filing system.

This the 4th day of April, 2022.

By: s/Gerald L. Gulley, Jr.
Attorney