IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   3:19-CR-220 |
| | ) | (VARLAN/POPLIN) |
| BRYAN CORNELIUS, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION IN LIMINE TO EXCLUDE MENTION OF "GANG" AFFILIATIONS

**COMES** BRYAN CORNELIUS, by and through appointed counsel, and respectfully moves this Honorable Court in limine to preclude the United States and its witnesses from mentioning "gang" affiliations at the trial of this cause. For grounds, your Defendant states that such testimony is not relevant; or, if relevant under Federal Rule of Evidence 402, nevertheless Federal Rule of Evidence 403 provides that such evidence should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In the case at bar, there have been suggestions in the wiretap evidence provided in pretrial discovery that the United States will seek to adduce testimony that your Defendant was a member of a "street gang" in Knoxville, Tennessee:

* The Affidavit of Kristopher L. Mynatt in support of the initial application for a wire intercept that was dated October 23, 26, 2019 in cause no. 3:19-MC-5012 states that Tyrese Wyrick, who was a "confirmed Gangster Disciple member," had a telephone conversation with Bryan Cornelius that purportedly involved illegal drug transactions. (Affidavit of Kristopher L. Mynatt, at 35, ¶44).

* The Affidavit of Kristopher L. Mynatt in support of the initial application for a wire intercept that was dated October 23, 26, 2019 in cause no. 3:19-MC-5012 states that several of the "Target Subjects" (presumably including Bryan Cornelius) were "either confirmed members or close associates of the Gangster Disciple Street Gang." (Affidavit of Kristopher L. Mynatt, at 62, ¶74).

* The Affidavit of Kristopher L. Mynatt in support of the initial application for a wire intercept that was dated October 23, 26, 2019 in cause no. 3:19-MC-5012 states that Tyrese Wyrick, who was a "confirmed Gangster Disciple member," had a telephone conversation with Bryan Cornelius that purportedly involved activities of the target drug trafficking organization. (Affidavit of Kristopher L. Mynatt, at 80, ¶105).

It may easily be inferred that the United States will use such information to argue that your Defendant's alleged membership in the Gangster Disciples or other alleged gangs is somehow relevant to a determination by the jury that your Defendant is guilty of drug conspiracy and other charges in the Superseding Indictment. Such evidence of gang activity, however, should be precluded on the grounds of (A) lack of relevance to the charges of drug conspiracy, drug possession, and firearm possession; and (B) unfair prejudice, confusion of the issues, and misleading the jury into convicting the Defendant based on alleged membership in such "street gangs".

Initially, your Movant notes that he is not charged in the Superseding Indictment with, or alleged to have, membership in any sort of "street gang". Further, your Movant states that whether he is or is not a member of an alleged "street gang" his alleged membership is simply not relevant to whether he entered into a criminal conspiracy to distribute illegal narcotics, to distribute or possess with intent to distribute illegal narcotics, or to illegally possess or use firearms. The question regarding the conspiracy relates to whether he entered into an agreement with one or more other persons to distribute illegal narcotics, and the scope of that agreement; whether your Movant was or was not a member of a "street gang" is irrelevant to whether he entered into an agreement to break the law or otherwise engage in the charged conduct. Similarly, whether your Movant was or was not a member of a "street gang" is irrelevant to whether he distributed, or possessed with intent to distribute, illegal narcotics; and whether your Movant was or was not a member of a "street gang" has nothing to do with whether he possessed or used, or did not possess or use, a firearm illegally. The question of whether your Movant was or was not a member of a "street gang" is not relevant to the proof of the charged conduct under Federal Rules of Evidence 401 and 402.

Additionally, your Movant suggests that any intent of mentioning "Gangster Disciples" or any other gang before a jury (which is likely to be mostly White in composition, given the demographics of the counties that are in the Northern Division of the Eastern District of Tennessee) is to suggest that the Defendant, as a member of such a gang, was the *type* of person who would commit the charged crimes; in other words, it would be character evidence. The use of such character evidence should be precluded by Federal Rule of Evidence 403 as being unfairly prejudicial, because the mention of such gangs is not necessary to prove the government's case that your Movant and others were engaged in a drug conspiracy, or possessed weapons, or distributed illegal narcotics.

Your Movant respectfully suggests that the United States can elicit inculpatory testimony from its witnesses in its case in chief without the mention of "Gangster Disciples" or, indeed, any use of the words "gang" or "street gang" at all. *See Old Chief v. United States*, 519 U.S. 172, 184 (1997) ("probative value" determination under Federal Rule of Evidence 403 includes "comparing evidentiary alternatives"); *United States v. Myers*, 123 F.3d 350, 363 (6th Cir. 1997). The use of gang names or membership, or the phrases "gang" or "street gang," even assuming *arguendo* that they have any relevance under Federal Rule of Evidence 402, will create a significant risk of unfair prejudice that outweighs whatever probative evidence such proof may have. There is not a reasonable way to limit the overly and unfairly prejudicial impact of such proof under Federal Rule of Evidence 403; and consequently such references should be excluded by this Court.

**WHEREFORE**, your Defendant, BRYAN CORNELIUS, respectfully requests that the United States and its witnesses be precluded and prevented from mentioning "gang" names or affiliations at the trial of this cause.

Respectfully submitted this 4th day of April, 2022.

                                                s/Gerald L. Gulley, Jr.
                                                GERALD L. GULLEY, JR., Esq.
                                                (BOPR #013814)
                                                Attorney for BRYAN CORNELIUS

P.O. Box 158
Knoxville, TN 37901-0158
gulleylaw@vol.com
(865) 934-0753

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was filed electronically, with notice of this filing to be sent by operation of the Court's electronic case filing system; any other interested parties will be served by regular United States Mail with prepaid first-class postage thereon sufficient to cause delivery. Parties may access this filing through the Court's electronic case filing system.

This the 4th day of April, 2022.

                        By:    s/Gerald L. Gulley, Jr.
                                    Attorney