# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| Plaintiff, | ) ) ) | | |
| vs. | ) ) | No. | 3:19-CR-220 (VARLAN) |
| BRYAN CORNELIUS, | ) ) | | |
| Defendant. | ) | | |

## SENTENCING MEMORANDUM ON BEHALF OF DEFENDANT BRYAN CORNELIUS AND REQUEST FOR DOWNWARD DEPARTURE AND/OR VARIANCE

**COMES** BRYAN CORNELIUS, by and through appointed counsel, and files this Sentencing Memorandum in regards to the sentencing currently scheduled for March 1, 2023. Your Defendant has filed objections to certain parts of the Presentence Investigation Report ("PSIR") (*see* Notice of Objections to PSIR, R.813, Page ID #6798); and further requests that he be sentenced at the low end of the applicable Guidelines range as ultimately determined by this Court, or at any rate to less than life based on drug quantities; and, as appropriate, that he receive a downward departure and/or a downward variance from the applicable guidelines range as based on drug quantities.

### Drug Quantity Calculations in the PSIR

Your Defendant respectfully urges this Court to consider the motives of the cooperating witnesses and co-defendants who testified against your Defendant at trial, and whose testimony provides the basis for most if not all of the drug quantities assessed against your Defendant. Your

Defendant notes that all of the co-defendants who testified against your Defendant had motive to inflate drug quantities and descriptions of drug activities that allegedly involved your Defendant, because of their self-interest in getting a reduction in their own sentences on drug conspiracy and other charges. *See generally United States v. Touchstone*, 726 F.2d 1116, 1123 (6th Cir. 1984) (finders of fact must "make a 'discriminating appraisal' of a witness' motives and bias"). A "discriminating appraisal" by this Court must conclude that the motives of the witnesses against your Defendant do not lend themselves to honest or reliable testimony about your Defendant's drug-related activities or the drug quantities to which the United States seeks to hold your Defendant accountable. Considering the "motives and bias" of the government's witnesses, the drug quantities in the PSIR must be significantly discounted.

## Enhancements Requested by the Government

Your Defendant respectfully suggests that the United States paints with an overly broad brush regarding its request to hold your Defendant responsible for the examples of gang violence that it mentions in its sentencing memorandum. There was no credible testimony at trial related to any purported gang activities by your Defendant. Rather, the United States has chosen to use its Sentencing Memorandum as an opportunity to mention the name of the Gangster Disciples street gang, to allege that Cornelius and co-defendant Whittenberg were members of that street gang (along with other, unnamed persons), and to quote a wiretap that this Court has not been privy to as a basis for asserting that your Defendant poses a unique danger to the community. (Sentencing Memorandum of the United States, R.824, at 9-10, page ID ##6869-70). "Guilt by (presumed) association" when there has been no credible showing that Cornelius was a member of the Gangster

Disciples, or — even assuming *arguendo* that he was — that he was acting in furtherance of gang objectives, should not give rise to an increased sentence, pursuant to 18 U.S.C. Section 3553.

Further, the characterization by the United States of comments by Cornelius from a wiretap does not lend itself to a conclusion that Cornelius was the person who shot Todd Lundy. For example, the use of the word "Yes" when he learned that Lundy had been shot is most likely a verbal response to the surprising revelation that Lundy had been shot — after all, had Cornelius done the shooting, why would he give an unfeigned statement of surprise upon learning that Lundy had been shot? Likewise, Cornelius's statements about "everybody was saying that it was him" and that he didn't care is not inculpatory but rather a comment of what the talk in the community was about the identity of the shooter — it was not an admission by Cornelius, but simply a description of the perception by other people. As for the supposedly corroborative testimony by Littlejohn, your Defendant suggests that the credibility of a co-defendant who agreed to testify in exchange for the prospect of getting a substantially lower sentence from this Court should be looked upon with great care and caution. (Sentencing Memorandum of the United States, R.824, at 9, page ID #6869).

### A Downward Departure and/or Variance is Appropriate Based on the Disparity Between "Ice" Methamphetamine and a Mixture or Substance Containing Methamphetamine

Your Defendant respectfully suggests that he is being unfairly punished based on the sentencing disparity that occurs based on whether methamphetamine is higher purity (*i.e.*, "ice" methamphetamine) or is mixed with other substances such that the resulting purity is less than 80%. (U.S.S.G. § 2D1.1(c), at n.C). The purity disparity is reflected in a sentencing disparity, whereby "ice" methamphetamine is punished at a rate ten times higher than a mixture or substance containing methamphetamine with a lower purity. (U.S.S.G. § 2D1.1(c), Comments n.8(D)).

Page 3 of 6

Case 3:19-cr-00220-TAV-DCP   Document 829   Filed 02/22/23   Page 3 of 6   PageID #: 6882

U.S. Sentencing Guidelines that are not based on empirical data and experience "do not exemplify the [Sentencing] Commission's exercise of its characteristic institutional role . . . ." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007). Consequently, sentencing courts not only have greater discretion to vary from the Sentencing Guidelines, *id.* at 109-10, but have increasingly rejected the notion that higher purity methamphetamine ("ice" methamphetamine) should be sentenced more severely than less pure methamphetamine. *E.g., United States v. Johnson*, 379 F. Supp. 3d 1214, 1218-19 (M.D. Ala. 2019); *United States v. Bean*, 371 F. Supp. 3d 46, 50-51 (D.N.H. 2019); *United States v. Nawanna*, 321 F. Supp. 3d 943, 950-51 (N.D. Iowa 2018); *United States v. Ibarra Sandoval*, 265 F. Supp. 3d 1249, 1253 (D.N.M. 2017); *United States v. Hayes*, 948 F. Supp. 2d 1009, 1027 (N.D. Iowa 2017).

The PSIR indicates that your Defendant is responsible for 4.7 kg of "ice" methamphetamine, along with various quantities of marijuana and methamphetamine; and that the quantity of the "ice" methamphetamine was equivalent to 95,370 kg of converted drug weight. (PSIR, R.817, at 12, ¶¶ 49-50, Page ID #6825). This was equated to a Level 38 on the PSIR. (PSIR, R.817, at 13, ¶¶ 53, Page ID #6826).

This Court should grant a downward departure and/or variance based on the unwarranted disparity between more pure and less pure methamphetamine; and sentence your Defendant based on a Level 32 drug quantity (1.5-5 kg of methamphetamine), instead of a Level 38.

## Additional Issues/Considerations

Your Defendant respectfully urges that no fine should be imposed, inasmuch as your Defendant is indigent and has no ability to pay any fine. (PSIR, R.817, at 22, ¶ 97, Page ID #6835).

Further, your Defendant respectfully suggests that he should be given credit for the time that he has already served in federal custody in this cause; and he also requests placement in the Bureau of Prison's RDAP while in custody, based on his history of substance abuse and his desire to receive treatment for same while in the Bureau of Prisons. (PSIR, R.817, at 21, ¶ 93, Page ID #6834). Your Defendant will provide at sentencing with a recommendation for placement in the Bureau of Prisons.

**WHEREFORE**, your Defendant, BRYAN CORNELIUS, respectfully requests that this Court sentence him to a sentence of incarceration that is less than life; and, as appropriate, that he receive a downward departure and/or a downward variance from the applicable guidelines range. Such a sentence will be sufficient but not more than necessary to comport with the sentencing factors in 18 U.S.C. Section 3553.

Respectfully submitted this 22nd day of February, 2023.

        s/Gerald L. Gulley, Jr.
        GERALD L. GULLEY, JR., Esq.
        (BOPR #013814)
        Attorney for BRYAN CORNELIUS

P.O. Box 158
Knoxville, TN 37901-0158
gulleylaw@vol.com
(865) 934-0753

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was filed electronically, with notice of this filing to be sent by operation of the Court's electronic case filing system; any other interested parties will be served by regular United States Mail with prepaid first-class postage thereon sufficient to cause delivery. Parties may access this filing through the Court's electronic case filing system.

This the 22nd day of February, 2023.

                By: s/Gerald L. Gulley, Jr.
                   Attorney